(Reap. Dec. 9425)

THE WESTERN AUTO SUPPLY CO. v. UNITED STATES

Entry No. 3882, etc.

(Decided May 19, 1959)

*John D. Rode* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The proper value for dutiable purposes of certain bicycles covered by the appeals for a reappraisement enumerated in the schedule attached to and made part of this decision is before the court for determination.

The parties hereto have entered into a stipulation whereby it has been agreed that the market value or the price, at the time of exportation of the involved merchandise, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the appraised value, less the charges, as invoiced, for in-

land freight and f.o.b. charges. It was further stipulated and agreed that there was no higher foreign value for the such or similar merchandise at the time of exportation.

Upon the record before the court, I find and hold that export value, as that value is defined in section 402(d) of the Tariff Act of 1930 (19 U.S.C. § 1402(d)), is the proper basis for determining the value of the bicycles in controversy and that said value is represented by the appraised value, less the charges, as invoiced, for inland freight and f.o.b. charges. As to all other merchandise, the appeals are dismissed.

Judgment will issue accordingly.